IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**ALAYNE GARRETT, CHARIE**
**CARROLL and DEBBIE JONES,**

        Plaintiffs,

v.                                                                                No. 2:10-cv-02900

**SITEL CORPORATION,**

        Defendant.

**ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT**

**ORDER CORRECTING THE DOCKET**

Before the Court is Plaintiff's Motion for Leave to Amend Complaint (Docket Entry "D.E." #19). The instant motion was referred to United States Magistrate Judge Charmiane Claxton for determination (D.E. #21). Plaintiff's Motion seeks leave to amend as follows: (1) to correct Defendant's name from "Sitel Corporation" to "Sitel Operating Corporation"; (2) to voluntarily narrow the putative collective class size from all nationwide locations to only the Memphis, Tennessee locations; and, (3) to add specificity to the Fair Labor Standards Act ("FLSA") claims in the initial Complaint. Defendant responds that Plaintiff's motion is an apparent acknowledgment of their deficient factual pleadings and is not reasonable because Plaintiffs previously rebuffed requests to voluntarily amend their Complaint. Defendant argues that it was required to incur the rigors and expense of engaging this court by briefing its motion to dismiss and responding to the instant Motion for Leave to Amend when Plaintiffs instead could have voluntarily amended their

Complaint at an earlier stage. Thus, Defendant argues that the motion should be denied and that Defendant should be awarded fees incurred in connection with its Motion to Dismiss and Response to Motion for Leave to Amend Complaint.

Upon review, Rule 15 provides that the court should freely give leave to amend a party's pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). Leave to amend should only be denied if "the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." Crawford v. Roand, 53 F.3d 750, 753 (6th Cir. 1995). As to Plaintiff's first request to properly identify Defendant as Sitel Operating Corporation, the parties do not appear to contest that this is Defendant's corporate name and there would be no prejudice to the opposing party to have this corrected. Accordingly, as the Court finds good cause to amend Defendant's corporate name, Plaintiff's request is hereby GRANTED.

As to Plaintiff's second request to narrow the putative collective class and Plaintiff's third request to add further substantiation to the FLSA claims, the Court notes that the limited discovery on conditional class certification has recently closed and that the substantive discovery phase of the case has not yet begun and the deadlines for such substantive discovery have not yet been set. Therefore, the Court finds that this case is still in its initial stages and that the proposed amendments will not result in undue delay or prejudice to the opposing party and that they do not appear to be for dilatory purposes. Next, although Defendants argue that Plaintiffs did not initially agree to amend their Complaint, the Court finds that this is not sufficient to rise to the level of bad faith at this time. Finally, the Sixth Circuit has acknowledge that when Plaintiffs desire to remedy any potential deficiency "highlighted by a defendant's motion to dismiss, the appropriate method . . . is to request leave to amend the complaint in conjunction with the motion to dismiss." Bishop v.

Lucent Techs., Inc., 520 F.3d 516, 521 (6th Cir. 2008).  Thus, Plaintiffs have followed an appropriate course of action by filing their Motion to Amend.  Accordingly, Plaintiff's requests to narrow the putative class and to add further factual substantiation to the Complaint are hereby GRANTED.

Finally, Defendant's Response requests attorneys fees for being "required to incur the rigors and expense of engaging this court by briefing its motion to dismiss—including this reply." Defendant has not cited grounds for this award of attorneys fees.  However, Defendant seems to argue that because Plaintiff did not consent to amending the Complaint before Defendant filed its Motion to Dismiss, that Defendant is entitled to such a recovery.  Even assuming, *arguendo*, that Defendant's Motion to Dismiss were to be deemed meritorious by the District Court, the Sixth Circuit has advised that "courts typically permit the losing party leave to amend."  Brown v. Matauszak, No. 09-2259, 2011 WL 285251 (6th Cir. 2011) (citing PR Diamonds, Inc. v. Chandler, 364 F.3d 671, 689 (6th Cir. 2004)).  Thus, the mere fact that Defendant has filed a Motion to Dismiss does not necessarily mean that Plaintiffs will not be given the opportunity to correct the defect in the pleading to state a claim of relief.  Ultimately, the Court finds no grounds for awarding Defendant attorneys' fees.

In conclusion, Plaintiff's Motion for Leave to Amend Complaint is hereby GRANTED and Defendant's request for attorneys' fees is DENIED.  The Clerk of Court is directed to correct the docket to reflect Defendant's proper corporate name as "Sitel Operating Corporation."

**IT IS SO ORDERED** this 19th day of May, 2011.

                                                  s/ Charmiane G. Claxton
                                                  CHARMIANE G. CLAXTON
                                                  UNITED STATES MAGISTRATE JUDGE